IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLY RAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-809-MJR |
| ) | |
| ROGER WALKER, CHRISTINE ) | |
| BROWN, ADRIAN FEINERMAN, GENE ) | |
| PURSELL, DEAN BLADES, MARY ) | |
| BETH LANE, AMANDA JOHNSON, C/O ) | |
| DORIES, WARDEN EVANS, ASST. ) | |
| WARDEN FLAGG, WEXFORD ) | |
| HEALTHCARE and K. BUTLER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint (Doc. 10) into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Lane, Johnson, Feinerman, Brown and Wexford Health for deliberate indifference to his serious medical needs regarding his leg injury, in violation of his rights under the Eighth Amendment.

> **COUNT 2:** Against Defendants Evans, Flagg and Blades for requiring Plaintiff to make co-payments for medical treatment.
>
> **COUNT 3:** Against Defendants Dories, Butler, Pursell and Walker for requiring him to provide a sample of his DNA.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

While playing basketball in the yard at Pinckneyville, Plaintiff fell, injuring his right knee and leg. Defendant Mary Beth Lane arrived 10 minutes later with a wheelchair and transported him to the medical unit, where he first saw Defendant Nurse Johnson. Johnson took his vital signs but did not examine his injured leg; instead, Johnson sent him back to his housing unit. Plaintiff asked Johnson to examine his leg, but she refused, threatening him with a disciplinary ticket if he did not comply. He then asked Lane for pain medication, but that request was also refused.

Upon exiting the medical unit, Plaintiff sought assistance from another inmate to return to

his housing unit, which involved climbing two flights of stairs to reach his cell.  He remained there for five days without food or further medical treatment.  Finally he was able to make the trek to the dining hall with the assistance of two other inmates, although he had considerable pain and swelling in his leg.

A week after his injury, Plaintiff was called to the medical unit by Defendant Feinerman for a blood-pressure check.  Plaintiff explained his leg injury to Feinerman and asked for treatment.  In response, Feinerman looked at the injured leg, then punched at it for about 10 seconds before Plaintiff pushed him away.  Feinerman told Plaintiff there was nothing wrong, refused his request for crutches or pain medication, and sent him away.

Another 10 days elapsed before Plaintiff was finally admitted to the medical unit, where he was issued a wheelchair, pain medication and heat packs.  A few days later, after an x-ray was taken, Defendants Feinerman and Brown told him that the x-ray showed no indication of an break in his leg.  However, two weeks later, Plaintiff was sent to an outside hospital for evaluation; that doctor directed Feinerman to perform an MRI and continue the pain medication.  Almost two weeks later, Plaintiff was sent to another hospital for an MRI; another two weeks elapsed (now almost two months after the injury occurred) before Plaintiff was told that he had a slight fracture in his leg, as well as other injuries.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653.  The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834.  Mere medical malpractice or a

> disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, — F.3d —, 2007 WL 675506 (7th Cir. 2007).

Applying these standards to the allegations in the amended complaint, the Court is unable to dismiss any portion of this claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff next complains about the $2.00 medical co-payment plan in the Illinois Department of Corrections. Apparently he believes that all Defendants have created this system to bilk money from inmates for multiple medical appointments. However, courts have consistently held that such a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

Therefore, Plaintiff has failed to state a claim with regard to the requirement of the $2.00 co-payments for medical appointments, and Count 2 is dismissed from this action with prejudice.

**COUNT 3**[1]

When he went to update his identification card, Defendants Dories and Butler informed him that he was required to provide a sample of his DNA. Plaintiff refused, so Defendants put him in handcuffs and told him that the sample would be taken without his consent, threatening him with disciplinary action if he refused to comply with their request. Plaintiff then conceded, but later he filed a grievance over this situation. That grievance was disregarded by Defendant Pursell, and his letter to Defendant Walker was returned.

Both of Plaintiff's arguments have been foreclosed by the Seventh Circuit. *See Gilbert v. Peters*, 55 F.3d 237, 238-39 (7th Cir. 1995) (holding that requiring prisoners convicted prior to enactment of statute to comply with its terms does not violate Ex Post Facto clause); *Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004) (holding Wisconsin statute requiring all incarcerated felons to provide DNA samples for state data bank does not violate Fourth Amendment under "special needs" doctrine). *See also United States v. Hook*, 471 F.3d 766, 772 (7th Cir. 2006) (federal DNA Act does not violate Fourth Amendment). Accordingly, this claim is dismissed from the action with prejudice.

**OTHER MATTERS**

Before the Court, first, is Plaintiff's motion for appointment of counsel (Doc. 11). The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

---

[1] In the amended complaint, one page of the statement of claim (page 4 as enumerated by Plaintiff) is missing from all copies of that pleading. Therefore, the Court refers back to the original complaint (Doc. 1) for the substance of this claim.

Plaintiff is competent to read, express his thoughts in writing and follow directions generally. Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged. In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases. In most instances, if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Plaintiff's case is not particularly complex. He contends that Defendants were deliberately indifferent to his medical needs, and the law governing Eighth Amendment claims relating to medical treatment of prisoners is well settled. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff does not need to pore over law books to obtain additional precedent. His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

Plaintiff's case is the kind of case that is likely to generate interest among members of the bar so it is important for Plaintiff to try to find counsel on his own. Because the cost of medical experts is so great, most individuals suing for medical mistreatment of the serious nature required to state a claim under the Eighth Amendment seek out a lawyer who would be willing to take the case on a contingent fee basis. This means that if the plaintiff wins, the cost of the experts will be recovered and the lawyer will be paid for his or her time and expenses in pursuing the case. The contingent fee system serves as a reality check for litigants. If no lawyer with a background in medical malpractice cases is willing to take Plaintiff's case, chances are high that the case is one the lawyers have assessed either as not likely to succeed or as not likely to result in a damage award large enough to recoup the expense of prosecuting the case.

Therefore, in an ordinary medical care case such as this one, it is inappropriate for a court to select a lawyer to take the case without regard for his or her assessment of the risks of incurring

the expense of the lawsuit against the probability of succeeding on the merits of the case.  If Plaintiff is to be represented by counsel, he will have to find counsel on his own.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

Finally, Plaintiff has filed a motion for judgment (Doc. 12).  In reality, though, this motion is simply a request for information regarding the status of this action.  Clearly this order answers that question; therefore, this motion is **MOOT**.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BLADES, BUTLER, DORIES, EVANS, FLAGG, PURSELL** and **WALKER** are **DISMISSED** from this action with prejudice, as no claims remain pending against them.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BROWN, FEINERMAN, JOHNSON, LANE** and **WEXFORD HEALTH**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BROWN, FEINERMAN, JOHNSON, LANE** and **WEXFORD HEALTH** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the

USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 12th day of June, 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**