IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY RAY,                              )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )           Civil No. **05-809 - MJR**
                                        )
**CHRISTINE BROWN, et al.,**            )
                                        )
            Defendant.                  )

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge Michael J.

Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendant Brown's Motion for Summary Judgment. **(Doc. 72)**.

Defendant served the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**.

**See, Doc. 73.** Plaintiff has not filed a response.

This court previously issued a Report and Recommendation on this motion, which was

docketed at **Doc. 113.** Judge Reagan rejected that Report and Recommendation because plaintiff

had outstanding discovery requests and had been given additional time in which to respond to

pending motions, and the time had not yet run. **See, Doc. 127.**

Plaintiff's extended time for responding to outstanding motions has now run, and he has

not filed anything in opposition to Brown's motion for summary judgment.

The motion raises the issue of failure to exhaust administrative remedies.

## Nature of Plaintiff's Claims

Plaintiff Billy Ray is a prisoner in the custody of the Illinois Department of Corrections.

He brings  suit under 42 U.S.C. §1983, alleging that defendants were deliberately indifferent to

his serious medical needs, in violation of the Eighth Amendment.

The moving defendant, Christine Brown, was the administrator of the health care unit at

1

Pinckneyville Correctional Center. Plaintiff alleges that he hurt his right knee and leg while playing basketball on June 9, 2004. As to defendant Brown, plaintiff claims that, on June 28, 2004, while he was admitted to the health care unit, she came into his room and told him that he needed to "stop writing the staff up." Amended Complaint, **Doc. 55 , p. 8.**

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*,**

2

**94 F.3d 270, 273 (7ᵗʰ Cir. 1996).** Only disputes as to facts that might affect the outcome of the

suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to

irrelevant or unnecessary facts do not preclude summary judgment. ***Clifton v. Schafer*, 969 F.2d**

**278, 281 (7ᵗʰ Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan v.***

***Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).**

<u>Analysis</u>

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. §**

**1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available
> are exhausted.

In ***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999)**, the

Seventh Circuit explained that exhaustion of administrative remedies pursuant to 42 U.S.C. §

1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent

futility of pursuing an administrative remedy, regardless of whether money damages are sought

as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of

administrative remedies is required *before* a case may be brought, even if exhaustion is

accomplished during pendency of the case. ***See* 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at**

**535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate

suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992**

**(2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his

administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir.**

**2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." *Pozo v. McCaughtry*, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq.* In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden responds in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

As the moving parties, defendants bear the burden in the first instance of establishing that there is no genuine issue as to any material fact. Further, failure to exhaust is an affirmative defense on which defendants have the burden of proof. *Westefer v. Snyder*, **422 F.3d 570, 577 (7th Cir. 2005).**

In the recent case of *Pavey v. Conley*, **___ F.3d ___, 2008 WL 2277494 (7th Cir., June 6, 2008)**, the Seventh Circuit held that the court is empowered to make findings of fact regarding exhaustion, following hearing and discovery on the issue. Here, however, a hearing is not necessary because there is no dispute as to the facts surrounding the issue of exhaustion.

Defendant's motion states that plaintiff filed only one grievance about medical care for his leg injury. That grievance was dated June 12, 2004. It did not mention Christine Brown, and was obviously filed before the alleged events involving Brown.

Attached to the motion is a portion of plaintiff's deposition in which he testified that the events involving Christine Brown occurred on June 25 or 26, 2004. **Doc. 72, Ex. A, p. 5.** Also

attached as Exhibit B is the affidavit of Terri Anderson. Ms. Anderson, who is a Chairperson with the Office of Inmate Issues for the IDOC, first describes the administrative grievance procedures. She then states that, based upon a search of the Administrative Review Board (ARB) records, plaintiff filed only one grievance regarding medical care for his leg. That grievance is also attached to **Doc. 72**, and is dated June 12, 2004.

Despite having ample opportunity to do so, plaintiff has not responded to the motion. It is clear that plaintiff did not exhaust a grievance regarding Christine Brown. Therefore, the motion should be granted.

### Recommendation

This Court recommends that Defendant Brown's Motion for Summary Judgment **(Doc. 72)** be **GRANTED**. Plaintiff's complaint should be dismissed as to defendant Christine Brown without prejudice for failure to exhaust administrative remedies. **See, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).**

If this Report and Recommendation is adopted, no claims will remain pending as to defendant Brown.

Objections to this Report and Recommendation must be filed on or before **August 11, 2008**.

**Submitted: July 23, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**